401 A.2d 735

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Curtis BRANDON, Appellant.**

Supreme Court of Pennsylvania.

Argued March 5, 1979.

Decided May 30, 1979.

Nicholas Radoycis, Jr., McKees Rocks, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On June 30, 1976, the district attorney of Allegheny County by information charged Curtis Brandon, appellant, with murder of the first degree, murder of the third degree, and voluntary manslaughter. Brandon, pursuant to an agreement with the district attorney,[1] entered a plea on September 14, 1976, of guilty of murder of the third degree. As a result of the guilty plea, judgment of sentence of not less than ten nor more than twenty years imprisonment was imposed on October 27, 1976.

Brandon filed an appeal from the judgment of sentence in this Court. Thereafter, on July 13, 1977, appellant filed a "Petition to Remand" with the consent of the district attorney. His final request for relief was to "remand this matter to the trial court with instructions to that court to conduct a hearing to determine whether the appellant has waived his right to file a petition to withdraw guilty plea and/or to file post trial motions, and to grant additional relief if appropriate." We subsequently issued the following order on August 5, 1977: "Petition Granted. By the Court."

On October 3, 1977, a counselled evidentiary hearing was held in the trial court pursuant to the order. Subsequently, the court ruled Brandon had waived his right to file a petition to withdraw his guilty plea. For the reasons stated herein, we reverse and remand the matter to the trial court to allow Brandon to file a motion to withdraw his guilty plea nunc pro tunc.

---

1. In exchange for the guilty plea, the district attorney certified the degree of guilt rose no higher than murder of the third degree, but made no recommendation as to sentence.

At the time Brandon plead guilty,[2] the proper means of challenging the validity of a guilty plea was to file with the trial court which accepted the plea a motion to withdraw the plea. *Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975). The failure to file such a motion precluded a challenge to the adequacy of the plea colloquy on appeal. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978).[3]

Based on the testimony of Brandon's trial counsel at the hearing of October 3, 1977, the hearing court found that Brandon did not communicate with his counsel between the date of the guilty plea and the date of sentencing and, at the time of sentencing, did not request permission to withdraw the plea. This, the court concluded, constituted a waiver by Brandon of his right to file a petition to withdraw the guilty plea. We disagree.

First, an examination of the transcript of the plea proceedings discloses Brandon was not informed at that time of his right to file post-verdict motions or a petition to withdraw the guilty plea. Second, there is nothing in the record that even suggests Brandon was informed of these rights at any other time. Thus, it can hardly be said that Brandon was aware of his rights and knowingly failed to assert them. Under such circumstances, an effective waiver did not occur. *Cf. Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846

**2.** The guilty plea which forms the basis of this appeal occurred some ten months prior to the effective date of current Pa.R.Crim.P. 321. Pa.R.Crim.P. 320 & 321, effective September 1, 1977, provide the proper procedure to attack guilty pleas entered subsequent to the effective date of the rule.

**3.** See *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975), wherein an appeal was allowed although a motion to withdraw the guilty plea was not filed. The appeal was allowed "[b]ecause of the uncertainty which . . . prevailed as to the appropriate method . . . to attack the guilty plea." *Id.*, 460 Pa. at 327 n.*, 333 A.2d at 750 n.*. *Commonwealth v. Dowling*, supra, enunciated the principle that post-*Lee* guilty pleas must be challenged at the trial level in order to preserve the right to raise such issues on appeal. *Lee*, supra, was decided over a year and a half before the instant plea was entered.