417 A.2d 753

COMMONWEALTH of Pennsylvania

v.

William JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 25, 1979.

Filed Dec. 28, 1979.

Thomas F. McGill, Jr., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On October 11, 1977, appellant pleaded guilty to charges of murder of the third degree and aggravated assault. The Commonwealth recommended imprisonment of 12½ to 25

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

years on the two charges. After holding a colloquy, the trial court accepted the plea and sentenced appellant to consecutive terms of imprisonment of 6 to 15 years for murder and 1 to 5 years for aggravated assault. Represented by new counsel, appellant subsequently filed a petition for reconsideration of sentence. After a hearing, the court denied the petition. Appellant then filed a petition to withdraw his guilty plea. The court held a hearing, at which only appellant testified, and later denied the petition. Appellant again obtained new counsel and filed this appeal. Appellant seeks to withdraw his guilty plea and contends that (1) counsel led him to believe that he would receive probation of 20 years according to an agreement counsel had made with the court; (2) the trial court should not have denied his petition without hearing testimony from trial counsel; and (3) the trial court should have recused itself because of his charge that the court had joined with trial counsel in a secret agreement. We affirm.

At the hearing on his petition for withdrawal, appellant testified:

"He [trial counsel] told me if I pleaded guilty to third degree I could get 20 years probation. . . . He said that him and the judge was all right. . . .

Q: Now, do you recall why at that time you didn't tell the judge about the 20 years probation?

A: Because [trial counsel] told me, he said, don't say that because that was between him and the judge and me and him and if I would say that that might mess something up. So I didn't say anything. He told me, don't say anything because im [sic] and the judge—it was between him, me and the judge and it wasn't right for me to say anything, just leave it all up to him."

The trial court found appellant's testimony incredible.

Appellant seeks to withdraw his plea after imposition of sentence. The standard for granting withdrawal at this state of the proceedings is that of "manifest injustice." *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Watson*, 267 Pa.Super. 494, 406 A.2d 1150

(1979). "Manifest injustice" occurs where the accused makes an involuntary plea. *Commonwealth v. Starr*, supra, 450 Pa. at 490 n.6, 301 A.2d at 595 n.6. The burden is on appellant to prove that his plea was not voluntary. *Id.* Appellant has not met this burden.

■ Appellant's testimony does not demonstrate that trial counsel promised appellant that the judge would impose only probation of 20 years. At most, appellant's counsel informed him that he could get as little as 20 years probation. Thus, appellant's claim amounts to disappointment that the sentence imposed exceeded that which he hoped to receive. His disappointment is not a basis for withdrawal of the plea. See *Commonwealth v. Sanutti*, 454 Pa. 344, 312 A.2d 42 (1973).

■ Even assuming that appellant's testimony alleged that counsel had promised a particular sentence and that counsel had struck an agreement with the court, appellant is not entitled to relief. The trial court did not believe appellant's testimony. Ordinarily, denial of a petition to withdraw a plea is proper where, as here, the trial court finds the petitioner's testimony incredible and the petitioner offers no corroborating evidence. *Commonwealth v. Johnson*, 431 Pa. 522, 246 A.2d 345 (1968); *Commonwealth v. Grays*, 428 Pa. 109, 237 A.2d 198 (1968). Appellant contends that the trial court should not have denied his petition without hearing testimony from trial counsel. The obligation to present this testimony, however, was upon appellant. He does not allege that he attempted to present trial counsel and that, despite due diligence, he was unable to do so, or even that counsel's testimony would support his contentions. Accordingly, there is no basis for finding that appellant's plea was not voluntary.

■ Appellant also asserts that the trial court should have recused itself. Appellant did not raise this issue before, during or after the hearing on his petition to withdraw his plea. The claim, therefore, is not preserved for review. See *Commonwealth v. Felder*, 266 Pa.Super. 489, 405 A.2d 925

**492**

(1979); *Commonwealth v. Lockhart,* 227 Pa.Super. 503, 322 A.2d 707 (1974).

Judgments of sentence affirmed.