412 A.2d 477

COMMONWEALTH of Pennsylvania

v.

**Simmie REED, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 14, 1979.

Decided March 20, 1980.

222

Andrew S. Gay, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Ellen Mattleman, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION OF THE COURT

NIX, Justice.

Appellant, Simmie Reed, was convicted of murder in the third degree and of possessing instruments of crime for the June 16, 1976 fatal shooting of the victim, Isaac Bryant. Testimony at trial revealed that on the evening of the incident, appellant stated to an acquaintance he was going "to beat up" the victim who owed him fifteen dollars ($15.00). Several witnesses to the encounter heard appellant demand money from the victim before firing the fatal shot. Trial in this case commenced on November 18, 1976 before a court sitting with a jury. After the Commonwealth rested its case, appellant elected to enter a plea of guilty to murder generally and the possession of an instrument of crime. The plea of guilt was accepted after an extensive on-the-record colloquy, and the Court proceeded to accept the testimony of the defense as to the degree of homicide involved. Upon sentencing, the court imposed concurrent sentences of two and one half years to ten years under the charge of murder of the third degree and one to two years imprisonment for the possession of an instrument of crime. No post-conviction motions were filed. This direct appeal followed.[1]

Appellant now argues that the entry of the pleas of guilt were not knowingly and voluntarily entered. Specifically, it is charged that the record fails to show that the jurors would be chosen from members of the community. The Commonwealth has responded by asserting that an appellant may not initiate a challenge to the entry of the plea or direct appeal without first petitioning the trial court for the right to withdraw the plea. *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975). It has therefore adopted the position that the issues sought to be raised herein have not been properly preserved for consideration.

In *Commonwealth v. Lee* we stated: "We reiterate that, in cases . . . where the only challenge to the proceedings in the trial court is directed to the validity of the guilty

1. This matter was reassigned to the writer on January 23, 1980.

224

plea itself, the proper procedure is first to file with that Court a petition to withdraw the plea." *Id.*, 460 Pa. at 327 n.\*, 333 A.2d at 750 n.\*. *See also Commonwealth v. Ford*, 484 Pa. 163, 398 A.2d 995 (1979); *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978). To eliminate any further question as to the proper procedure to be followed where the objection raised is to the validity of the plea, Pa.R.Cr.Pro. Nos. 320 and 321 were adopted. However, the effective date of these rules was subsequent to the appeal in this case. Moreover, in *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735 (1979) we held that a failure to comply with the proper procedure in this regard would not preclude appellate review unless it was established that the appellant was advised of his right to file a petition to withdraw his plea and the consequences of his failure to do so. *See also Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978).

■ The Commonwealth concedes that the colloquy at the time of the entry of the plea did not contain a warning relating to the necessity of filing a petition to withdraw the pleas as a prerequisite to appellate review of the validity of the entry of the plea. It is suggested that a remand is in order to determine whether appellant may have been aware of his rights in this regard from some source other than the on-the-record colloquy. Such a solution is unacceptable. The purpose in requiring the promulgation of rules 320 and 321, and the requiring of the filing of a petition to withdraw the pleas was to make the procedure for a challenge to the entry of a plea in conformity with all other attacks upon the validity of a conviction. Where the conviction is attacked, we require the filing of post-verdict motions, Pa.R.Cr.P. 1123(c), and limit appellate review to the objections specifically raised in those motions. Pa.R.App.Pro. 302. *See Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Nonetheless, we have refused to impose a waiver where it has not been shown *on the record* that the defendant was aware of the consequences of not filing post-verdict motions.

*See Commonwealth v. Cathey,* 477 Pa. 446, 384 A.2d 589 (1978); *Commonwealth v. Marrero,* 478 Pa. 97, 385 A.2d 1331 (1978); *Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977). For the same reasons [2] we deem it advisable to follow the same practice and, therefore, will not accept the suggestion by the Commonwealth to remand the matter for an evidentiary hearing to establish appellant's knowledge on this subject.

■ Turning to the merits of appellant's claim that he was not advised the jurors would be selected from the members of his community, it is clear that the complaint is frivolous in this case. Here appellant exercised his right to a trial by jury and a jury was selected to pass upon his guilt or innocence. He and his counsel participated in the selection of the jury impanelled and there is no suggestion that any of the jurors called or chosen were not of the vicinage. To invalidate a plea because appellant was not expressly told of this right under circumstances where it is clear that the right was fully accorded would be tantamount to placing form over substance. Although constitutional rights are precious, there is no justification for requiring a set ritual to assure their protection when in a given situation they have been fully observed.

■ Similarly, appellant's challenge to the inadequacy of the colloquy in instructing him of the significance of his waiver of a jury trial is equally without merit. Appellant had exercised the right to be tried by his peers. Through his counsel he made the decision to enter a plea. There is no indication that this decision was made against appellant's

2. We have required on-the-record colloquies in order to "demonstrate that defendant's action is taken voluntarily and intelligently." *Commonwealth v. Ingram,* 455 Pa. 198, 201, 316 A.2d 77, 78 (1974). The need for such a "recorded demonstration that the defendant is fully aware of the ramifications of his action," *id.,* in the present instance is as compelling as it was in Ingram's acceptance of a guilty plea. The orderly and efficient administration of criminal justice requires the reviewing court to base its decision solely upon the record before it, without resort to evidence outside of that record. *Cf. Commonwealth v. Shields,* 477 Pa. 105, 108–09, 383 A.2d 844 (1978), and cases cited therein.

wishes. He was obviously aware of his right to be tried before a jury, thus the failure to advise him of this right at the time of the entry of the plea is of no significance. Moreover, the record establishes an adequate explanation to appellant of the significance of his decision to enter a plea of guilt.

THE COURT: You understand, sir, having been charged with these crimes, that you are entitled to a jury, and that is what we have been experiencing here. In other words, you participated with your attorney, together with the D.A., in selecting twelve jurors and two alternates. The function of a jury is, as you know, is to listen to all the evidence in the case and apply the law as given to them by the Court, and then they would render a decision as to your guilt or innocence on the charges you stand accused of. Do you understand that?

THE DEFENDANT: Yes.

\*  \*  \*  \*  \*  \*

THE COURT: What you are asking the Court to do is to withdraw your plea of not guilty, relieving the jury of determining your guilt or innocence, and having the Court hear all the evidence in this case, and then determining what degree of murder you are guilty of. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: In other words, instead of having twelve jurors determining your guilt or innocence, it will be up to the Court to determine that. Do you understand that?

THE DEFENDANT: Yes.

▬▬ Lastly, appellant notes that the colloquy failed to inform appellant of the elements of the charge of possession of an instrument of crime. The Commonwealth concedes that the elements of the possession charge were not outlined to appellant during the plea colloquy.[3] It is well settled that

3. Because the inadequacy of the colloquy on the possession charge is evident, there is no need to remand for the filing of post-verdict motions. Rather, the interests of fairness and judicial economy require that we now consider appellant's claims.

an adequate on-the-record colloquy is necessary for a finding of a valid guilty plea. "[T]he record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." *Commonwealth v. Ingram*, 455 Pa. 198, 203–04, 316 A.2d 77, 80 (1974).

The Commonwealth states only that it "fails to see how [appellant] was prejudiced" by this omission, since it "did not in any way taint [appellant's] guilty plea to murder." While it may be true that the failure to enumerate the elements of the possession charge did not invalidate appellant's guilty plea to murder, it most certainly "tainted" the guilty plea to the possession charge. We therefore vacate the judgment of sentence on the possession charge, and allow appellant to withdraw his plea.

The judgment of sentence imposed under No. 530 is affirmed.

The judgment of sentence imposed under No. 529 is reversed and appellant is granted leave to withdraw the guilty plea heretofore entered.

LARSEN, J., concurs in the result as to No. 530, and dissents as to No. 529.