420 A.2d 736

**COMMONWEALTH of Pennsylvania**

**v.**

**Brian VIGUE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed June 27, 1980.

John H. Corbett, Jr., Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Appellant, who at the time was eighteen years of age, entered guilty pleas to charges of burglary, theft by unlawful taking or disposition and receiving stolen property. After reviewing appellant's juvenile record, the court below sentenced appellant to the Correctional Institution for Boys at Camp Hill, Pennsylvania. Sentence was imposed on November 1, 1978 and on December 1, 1978 the appellant filed a motion to withdraw his guilty plea. The court below denied the petition to withdraw and the appellant has filed an appeal to this Court.

At the time sentence was imposed, the court stated, "You have a right to take an appeal within thirty days. If you

don't have a lawyer, one will be appointed to represent you free of charge." (N.T. 7–8, sentencing proceedings, November 1, 1978.)

On appeal, appellant contends that the court below misinterpreted Pa.R.Crim.P. 320, 321 and 1405(c)(2) and that this misinterpretation of the rule of criminal procedure denied the appellant an opportunity to file a timely petition to withdraw his guilty plea. We agree that the court below did not comply with Pa.R.Crim.P. 1405(c)(2), which provides:

At the time of sentencing, the judge shall:

(c) Advise the defendant on the record:

\* \* \* \* \* \*

(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

(3) of the ten (10) day time limit within which such motions must be filed;

(4) that the defendant is entitled to be represented by counsel in preparing and litigating such motions; and

(5) that only claims raised in this court may be raised on appeal; . . .

At sentencing, the court below only advised appellant that he had the right to take an appeal in thirty days and that if he didn't have a lawyer one would be appointed to represent him free of charge. Our Supreme Court stated in *Commonwealth v. Brandon*, 485 Pa. 215, 217, 401 A.2d 735, 737 (1979):

First, an examination of the transcript of the plea proceedings discloses Brandon was not informed at that time of his right to file post–verdict motions or a petition to withdraw the guilty plea. Second, there is nothing in the record that even suggests Brandon was informed of these rights at any other time. Thus, it can hardly be said that Brandon was aware of his rights and knowingly failed to assert them. Under such circumstances, an effective waiver did not occur.

In the *Brandon* case, the Supreme Court remanded the case to the trial court to permit Brandon to file a motion to withdraw his guilty plea *nunc pro tunc.* In the instant case, there is nothing in the record of the proceedings surrounding the guilty plea that indicates appellant was advised of his rights to file post–verdict motions or to withdraw his guilty plea. At the time of imposing sentence, the court below did not comply with Pa.R.Crim.P. 1405(c)(2), (3), (4) and (5). For this reason, the case is remanded to the court below to permit appellant to file a motion to withdraw his guilty plea *nunc pro tunc.*

We also note that appellant was represented in the court below by a member of the Public Defender's Office of Allegheny County. On appeal he was represented by another member of the same public defender's office. The issue of ineffective assistance of counsel has been raised at least indirectly as appellant on appeal contends, "he was not counseled by his lawyer as to his right to challenge the sentence." (Appellant's brief, page 5.) The issue of ineffective assistance of counsel is by its nature a difficult one to pursue. In this case appellate counsel has raised the question of the effectiveness of counsel in the court below who was also an associate in the same office. "The law will not assume that counsel has advised his clients of his inadequacies or those of his associates. Therefore, we cannot assume a knowing and understanding waiver of the issue." *Commonwealth v. Via*, 455 Pa. 373, 377, 316 A.2d 895, 898 (1974). While counsel on appeal has indicated alleged inadequacies on the part of his colleague from the public defender's office, we feel this matter would be more vigorously pursued by counsel not from the same office as trial counsel. In *Commonwealth v. Prowell*, 249 Pa.Super. 435, 439, 378 A.2d 374, 376 (1977), this Court directed remand with instructions that appellant not be represented by a member of the Dauphin County Public Defender's Office where trial counsel and counsel at a Post Conviction Hearing Act proceeding were different attorneys from the same public defender's office.

Order reversed and case remanded to the court below so that appellant may file a petition to withdraw his guilty plea *nunc pro tunc.* Appellant is to be represented by an attorney other than an attorney from the public defender's office of Allegheny County.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the Opinion of Judge Lewis of the court below. In addition, I would point out that the sentence in the within appeal was imposed November 1, 1978; the Opinion of our Supreme Court in *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735, was filed seven months thereafter, on May 30, 1979.