452 A.2d 9

**COMMONWEALTH of Pennsylvania**

v.

**Thomas WARNER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1981.

Filed Oct. 22, 1982.

Mitchell Scott Strutin, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, McEWEN and CIRILLO, JJ.

McEWEN, Judge:

We here review an appeal from the judgment of sentence imposed after appellant pleaded guilty to rape, robbery, involuntary deviate sexual intercourse and burglary and was sentenced to terms of imprisonment totaling of from fourteen to thirty years. We affirm.

The statement of facts provided by the Commonwealth at the guilty plea proceeding indicates that the eighteen-year-old appellant entered the home of the fifty-year-old complainant without her consent where, after a struggle, she became the victim of acts of robbery, rape and deviate sexual intercourse by the rectum; as a result, she suffered a cut lip, a head lump, a bruised right eye and hip, a gashed, swollen and bruised left leg and soreness of the neck, uterus and uterus lining which required hospital treatment and has resulted in a lasting eye condition. When the police attempted to arrest appellant within an hour of the attack,

appellant fled the police, was wounded when struck by a shot fired by a pursuing policeman and, shortly after his apprehension and subsequent to the required warnings, told an investigating detective "that he was sorry for what he had done, and wished that he had died."

Appellant subsequently pleaded guilty and was sentenced to terms of a total of from fourteen to thirty years. Twenty-one days after the sentence was imposed, appellant filed a pro se appeal from the judgment of sentence. He had not, however, prior to that time filed any motion to modify sentence or motion to withdraw his guilty plea.

The brief of appellant sets forth the following assertions:

I. Appellant is entitled to a vacation of sentence and a remand to the lower court since he was not informed of the consequences of failing to file a petition to withdraw guilty plea pursuant to the Pennsylvania Rules of Criminal Procedure.

II. The lower court erred in accepting appellant's guilty plea which was not knowingly and intelligently entered since he did not fully comprehend the elements of the crime of robbery.

III. The lower court erred in imposing an illegal sentence.

The initial assertion of appellant requires an examination of Pennsylvania Rules of Criminal Procedure 321 and 1405(c) which provide:

Rule 321. Challenge to Guilty Plea

(a) A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence.

\* \* \* \* \* \*

Rule 1405. Sentencing Proceeding

At the time of sentencing, the judge shall:

\* \* \* \* \* \*

(c) Advise the defendant on the record:

(1) of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed in forma pauperis and to be provided free counsel;

(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

(3) of the ten (10) day time limit within which such motions must be filed;

(4) that the defendant is entitled to be represented by counsel in preparing and litigating such motions; and

(5) that only claims raised in this court may be raised on appeal[.]

It is well established that the failure of an appellant to comply with the foregoing procedure, by neglecting to first petition the lower court to withdraw the guilty plea, constitutes an automatic waiver of the right to challenge the voluntariness of the plea on direct appeal. *Commonwealth v. Smith,* 248 Pa.Super. 392, 375 A.2d 154 (1977). It is just as clear that a petitioner shall not be deemed to have waived this right to question the validity of a guilty plea on direct appeal unless the record demonstrates that appellant had been apprised by the lower court or his counsel of the right to petition to withdraw his guilty plea, of the right to the assistance of counsel in filing such a petition and of the consequences of not filing such a petition. *Commonwealth v. Brandon,* 485 Pa. 215, 401 A.2d 735 (1979); *Commonwealth v. Crawford,* 285 Pa.Super. 169, 427 A.2d 166 (1981); *Commonwealth v. Arndt,* 269 Pa.Super. 578, 410 A.2d 852 (1979); *Commonwealth v. Johnson,* 258 Pa.Super. 214, 392 A.2d 760 (1978); *McCusker v. Commonwealth,* 485 Pa. 313, 402 A.2d 500 (1977).

The Common Pleas Court informed appellant of his appellate rights in the following portion of the guilty plea colloquy (N.T. pp. 23–25):

BY THE COURT:

Q. However, Mr. Warner, you have indicated it is your intention to plead guilty, which means that no trial would take place. All that is going to happen is that the assistant district attorney is going to read a summary of the police report. So, you see, basically, no mistakes can be made because, in effect, there won't be any trial. So that our appellate rights to appeal are limited to three issues.

Let me explain to you what those are. The first issue you could appeal is whether or not this Court has jurisdiction to hear your case. Now, jurisdiction is nothing more than another way of saying or asking does Judge DiBona have the power or the authority to hear this case. I assure you that I am a judge of the Court of Common Pleas. Further, if the facts of this case took place in Philadelphia, I do have the authority to hear this case. So that your right to appeal the question of jurisdiction is very limited; do you understand that?

A. Yes, Your Honor.

Q. Another right you may appeal is whether or not the Court imposes an illegal sentence. Now, I have explained the sentences to you, and if I were to go beyond the limits that I have explained to you, that would be an illegal sentence. Now, when you do come back to me at some future time for sentencing, your attorney will be here, the assistant district attorney will be present. So, they sort of act as a check upon me to be sure that I do not impose an illegal sentence. So that right is also very limited; do you understand that?

A. Yes, Your Honor.

Q. The third right that you may appeal is whether or not your plea of guilty is voluntary. In other words, is the plea that you are entering in this case of your own free will, after having been advised of all your Constitutional Rights.

So, these are the three issues, Mr. Warner, that you can appeal after you enter a guilty plea; do you understand that?

A. Yes, Your Honor.

Q. I want to point out that before you can file an appeal on any of these three issues, you must first file with the Court a petition to withdraw your guilty plea; do you understand that?

A. Yes, Your Honor.

The sentencing judge made the following statements to appellant at the time that sentence was imposed (N.T. pp. 15–16):

THE COURT: Mr. Warner, at the time you entered your guilty plea, we explained your appellate rights. However, before you can file an appeal, you must first file with the Court a petition to withdraw the guilty plea. You also have 10 days to file a petition to have me reconsider the sentence I have just entered. If you can't afford an attorney for any of the purposes that I have mentioned, the Court will appoint one to represent you.

Do you have any questions?

MR. WARNER: No, Your Honor.

Appellant here asserts "the record in the instant case is devoid of warnings to appellant of the consequences of his failure to file a petition to withdraw his guilty plea or appeal prior to challenging its validity, . . .". This contention would appear to overlook the following statements of the court to appellant:

Q. I want to point out that before you can file an appeal on any of these three issues, you must first file with the court a petition to withdraw your guilty plea; do you understand that?

A. Yes, your honor. (Page 25 of transcript of Guilty Plea Hearing conducted on 12/13/79).

\*      \*      \*      \*      \*      \*

Q. . . . . However, before you can file an appeal, you must first file with the court a petition to withdraw the guilty plea. . . . . Do you have any questions Mr. Martin?

A. No, your honor. (Transcript of Sentencing Hearing conducted on 2/27/80).

Appellant fervently argues that the decision of this court in *Commonwealth v. White,* 277 Pa.Super. 109, 419 A.2d 685 (1980), *aff'd,* on other grounds, 295 Pa.Super. 13, 440 A.2d 1198 (1982) requires this court to remand the case so as to enable appellant to file a nunc pro tunc petition to withdraw his guilty plea. As appellant notes in his brief "nowhere in the record in *White* did the sentencing court or counsel advise appellant that he could not attack the validity of his plea on appeal unless he petitioned to withdraw the pleas"; in addition, the sentencing court in *White* did not make clear that the court would appoint counsel to assist appellant in connection with the petition to withdraw the guilty plea. However, as the foregoing excerpts from the record indicate, the sentencing judge here did not commit either omission.

We are compelled to the conclusion that appellant was apprised of the consequences of failing to file a petition to withdraw his guilty plea and, therefore, that he intelligently and knowingly waived that right by a failure to undertake such an effort within ten days of the imposition of sentence.

While the other assertions of appellant become moot as the result of our decision that appellant has waived his right to direct appeal, our study of the case leads us to conclude that, in any event, there was no merit to either of the remaining claims of error.

■ A scrutiny of the transcript of the hearing at which appellant entered his guilty plea shows the careful inquiry conducted by the court to be certain that the conduct of the defendant constituted robbery and that the defendant understood the basis for and nature of the charge.

■ Nor do we accept the assertion that the imposition of separate and consecutive sentences for the crime of rape and the crime of involuntary deviate sexual intercourse was illegal. The record clearly reflects that appellant attempted by force to enter both the rectum as well as the vagina of the victim. These are separate, distinct acts which, under *Commonwealth v. Wojciechowski,* 285 Pa.Super. 1, 426 A.2d 674 (1981) are separate, distinct charges for which separate

sentences may be imposed. See also, *Commonwealth v. Adams,* 296 Pa.Super. 24, 442 A.2d 277 (1982).

Judgment of sentence affirmed.