482 A.2d 1307

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey MULLER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1984.

Filed Oct. 12, 1984.

---

Suzanne B. Ercole, Pottstown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WIEAND, JOHNSON and LIPEZ, JJ.

JOHNSON, Judge:

Appellant appeals from the order which denied his motion to withdraw his guilty pleas nunc pro tunc and amended the previously imposed sentences on two forgery counts. We affirm.

Appellant pled guilty to seven counts each of forgery,[1] theft by deception [2] and receiving stolen property.[3] He was sentenced to concurrent terms of four to ten years on two of the forgery counts and five years concurrent probation on two other forgery counts. Appellant then filed a pro se notice of appeal to this court and counsel was appointed to represent him. Counsel discontinued the appeal and filed a Motion to Vacate Illegal Sentence and/or Motion to Withdraw Guilty Plea Nunc Pro Tunc, correctly alleging that the pleas on the forgery counts were properly of the third degree and not the second degree, as set forth in the guilty plea colloquy. As a result, appellant's four to ten year sentences were reduced to three and one-half to seven years. The remaining sentences were not altered and appellant's request to withdraw the pleas was denied. Following the denial of a motion to modify sentence, this appeal followed.

Three issues are raised on appeal: (1) whether the guilty pleas were knowingly, intelligently and voluntarily entered when appellant was incorrectly advised of the grade of the forgery charges, (2) whether the sentence was excessive, and (3) whether sentencing counsel was ineffective for failing to produce certain mental health reports and recommendations at the original sentencing hearing.

■ Regarding the first issue, appellant did not challenge the validity of his pleas prior to sentence, pursuant to Pa.R.Crim.P. 320, nor did he file a *timely* post-sentence motion to withdraw his pleas, as required by Pa.R.Crim.P. 321(a). Generally, the failure to file such a post-sentence motion is considered a waiver of the right to challenge the

1. 18 Pa.C.S. § 4101.
2. *Id.* § 3922.
3. *Id.* § 3925.

validity of the plea on appeal, provided the court has informed him of his right to file said motion. *Commonwealth v. Cavanaugh*, 500 Pa. 313, 456 A.2d 145 (1983). In the instant case, appellant was fully informed of this right at the plea colloquy. However, Pa.R.Crim.P. 1405(c)(2) and (3) require the sentencing judge, at time of sentence, to inform the defendant of his right to file motions challenging the validity of his guilty plea and of the ten-day time limit in which to file the motions. Instantly, the sentencing court failed to so advise appellant. While appellant had actual knowledge of the necessity and time limitations surrounding the filing of a post-sentence motion to withdraw his pleas, the language in Rule 1405(c) makes clear that informing a defendant of the motion requirements is mandatory.[4]

Hence, appellant did not waive his right to file his withdrawal motion nunc pro tunc. *See Commonwealth v. Vigue*, 279 Pa.Super. 46, 420 A.2d 736 (1980); *see also Commonwealth v. Warner*, 306 Pa.Super. 73, 452 A.2d 9 (1982).

Appellant contends that the trial court erred in refusing to allow withdrawal of his guilty pleas, as the pleas were not knowingly, intelligently or voluntarily entered. This argument is based on the fact that appellant was misinformed as to the correct grade of the crime and statutory penalties for forgery.

When considering a petition to withdraw a guilty plea submitted to a trial court after sentencing,[5] a showing

---

4. **Rule 1405. Sentencing Proceeding**
   At the time of sentencing, the judge *shall:*

   (c) advise the defendant on the record:

   (2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);
   (3) of the ten (10) day time limit within which such motions must be filed;

   (emphasis added)

5. Had appellant submitted his request to withdraw the pleas prior to sentencing, a less burdensome standard would be applicable, as pre-sentence requests to

of prejudice on the order of manifest injustice is required before withdrawal is properly authorized. *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973). A defendant incurs manifest injustice upon the court's denial of his motion to withdraw where the pleas were entered involuntarily or without knowledge of the charge. *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Campbell,* 309 Pa.Super. 214, 455 A.2d 126 (1983). Therefore, the defendant must make some demonstration that the plea was *not* voluntary or was entered without knowledge of the charge. *Commonwealth v. Shaffer, supra. See also Commonwealth v. Johnson,* 273 Pa.Super. 488, 417 A.2d 753 (1979) (burden on defendant to prove plea involuntary so as to warrant post-sentence withdrawal). The determination as to whether the guilty plea was entered involuntarily or without knowledge of the charges is made by an analysis of the totality of the circumstances surrounding the plea. *Commonwealth v. Shaffer, supra.*

■ It is undisputed that appellant was misinformed, at the plea colloquy, as to the grade of the forgery charges and the maximum penalties which could be imposed. The forgery charges were based on appellant's utilization of stolen bank checks. 18 Pa.C.S. § 4101(c), the grading provision of the forgery statute states:

> (c) **Grading.**—Forgery is a felony of the second degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue

withdraw pleas require only the averment of a fair and just reason for withdrawing the plea. Such requests are to be liberally allowed unless withdrawal would substantially prejudice the Commonwealth because of its reliance on the plea. *See e.g. Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982). Although the issue of voluntariness presented here involves the initial imposition of illegal sentences, the validity of those initial sentences does not affect the standard to be applied to a request to withdraw a guilty plea. *See Commonwealth ex rel. Winkler v. Claudy,* 174 Pa.Super. 239, 101 A.2d 430 (1953), *U.S. cert. den.,* 347 U.S. 992, 74 S.Ct. 856, 98 L.Ed. 1125 (1954) (initial imposition of sentences which were illegal does not render them void, but only subject to correction); *see also Commonwealth v. Schreiber,* 319 Pa.Super. 367, 466 A.2d 203 (1983) (post-sentence withdrawal petition reviewed by manifest injustice standard where sentencing court imposed sentence on count as a felony, when grading provision indicated count amounted only to misdemeanor).

of stock, bonds or other instruments representing interests in or claims against any property or enterprise. Forgery is a felony of the third degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations. Otherwise forgery is a misdemeanor of the first degree.

We believe it safe to conclude, absent any case law, that a bank check would be considered a commercial instrument under this section. *See* 13 Pa.C.S. § 3104(b), (c) (defining check as instrument). Appellant's forgery of bank checks amounted to only a third degree felony, not a second degree felony as was stated. It is also undisputed that appellant's initial sentence was illegal as exceeding the maximum penalty for a third degree felony. *See* 18 Pa.C.S. § 1103.

■ However, the substantive portion of the forgery statute, which sets forth the elements of the crime, is the same for *all* grades of forgery. The distinctions in the grading provision of the statute go only to the *type* of writing involved. Appellant was correctly advised as to all *elements* of the crime of forgery and his counsel admitted the propriety of the colloquy, other than the grading of the offense and description of the maximum penalties, at the hearing on the motion to withdraw the pleas.

■ Our review reveals no manifest injustice requiring the drastic result of a withdrawal of the pleas in the instant case. Appellant fails to set forth any argument regarding manifest injustice other than his statement that "[a] plea of guilty that is induced by fear of imposition of a greater sentence than what could be properly imposed is a guilty plea that is obtained in violation of the rationale of *Commonwealth v. Kulp,* [476 Pa. 358, 382 A.2d 1209 (1978)] and Rule 319 of Pa.R.Cr.P." Appellant's Brief at 11. In *Kulp,* the supreme court held appellant's guilty plea colloquy inadequate in regard to informing appellant of the possible range of sentences and/or fines for the offenses

charged. The trial court in *Kulp* asked only if appellant understood what the sentences could be.

In the instant case, appellant was informed of the range of sentences (and fines) which could be imposed for a second degree forgery plea of guilty. While clearly in error, the discrepancy between the range about which appellant was informed (five to ten years imprisonment and/or a twenty-five thousand dollar fine on each count) and the proper range (three and one-half to seven years and/or a fifteen thousand dollar fine) does not constitute such a manifest injustice as to require withdrawal of the plea, where the imposition of an invalid sentence is subsequently corrected.

The only error in the entry of the guilty pleas to forgery in the instant case was advising appellant that the grade and maximum penalties for the forgeries amounted to second degree felonies, rather than third degree felonies. The sentences initially imposed were subsequently amended to comply with the sentencing requirements for third degree felony convictions. There can be no finding of manifest injustice in such circumstances. Therefore, the trial court did not err in refusing appellant's post-sentence motion to withdraw the forgery pleas.

Appellant's second issue alleges that the sentences of three and one-half to seven years imprisonment for forgery were manifestly excessive. We disagree.

The imposition of a proper sentence is a matter vested in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Plank,* 498 Pa. 144, 445 A.2d 491 (1982); *Commonwealth v. Russell,* 313 Pa.Super. 534, 460 A.2d 316 (1983). Our review of the sentencing transcript convinces us that the trial court carefully considered the sentence it imposed, following the mandate of the Sentencing Code, 42 Pa.C.S. § 9701 et seq., and set forth adequate reasons for sentence on the record, as required by *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). We find no merit

in appellant's arguments that the trial court failed to properly take into account the alternatives to total confinement, based its decision solely on the serious nature of the crimes, and failed to consider the mitigating evidence submitted on appellant's behalf.

Lastly, appellant alleges his counsel at the original sentencing hearing was ineffective for failing to produce the report and recommendation of the prison psychiatrist who evaluated and treated appellant for drug dependency.

■■ Our examination of a claim of ineffectiveness of counsel involves a two-step analysis:

The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Sherard, supra.*

*Commonwealth v. Golson,* 310 Pa.Super. 532, 535, 456 A.2d 1063, 1065 (1983).

■■ At the time of imposition of the original sentences, appellant's counsel indicated the failure of the pre-sentence report to discuss the report of the prison psychiatrist. Appellant's counsel then questioned appellant, inter alia, regarding his therapy with the prison psychiatrist. Further direct and cross-examination revealed appellant's history of drug abuse and criminal activity. Prior to submitting his guilty pleas, a court study unit report ordered by the trial court had been submitted recommending that appellant be involved in rehabilitation rather than be prosecuted on these charges. This recommendation was considered and refused by the trial court. Hence, the trial court was well aware of evaluations recommending that appellant not be incarcerated with regard to these charges.

Our review convinces us that the trial court was supplied with more than adequate information as to appellant's drug dependency and to the relative merits of incarceration, as opposed to rehabilitation in a treatment facility. Sentencing counsel adequately informed the court of appellant's apparent need for rehabilitative treatment. As the report of the prison psychiatrist would have been cumulative at best, counsel was not ineffective. *See Commonwealth v. Smillie*, 316 Pa.Super. 83, 462 A.2d 804 (1983).

Order affirmed.

WIEAND, J. filed a dissenting opinion.

WIEAND, Judge, dissenting:

If an accused enters a plea of guilty to and is sentenced for a criminal offense defined during the guilty plea colloquy, may he subsequently withdraw his plea of guilty after it has been determined that the guilty plea colloquy was erroneous and that as a consequence he was sentenced for an offense which he did not commit and with which he was not charged? The majority holds that such a plea cannot be withdrawn. I respectfully dissent.

Jeffrey Muller entered pleas of guilty to seven counts of forgery, theft by deception and theft by receiving stolen property. The charges arose from seven incidents in which Muller allegedly had used forged checks to purchase merchandise at retail stores in Montgomery County. The informations charging forgery did not recite the grades of the crimes. Muller entered pleas of guilty, and during the guilty plea colloquy he was told that his forgeries were felonies of the second degree, punishable by a maximum of ten years in prison. Muller was thereafter sentenced to serve concurrent terms of not less than four nor more than ten years on two counts of forgery. On two other counts he was sentenced to serve concurrent terms of probation for five years, to be served after completion of the prison

sentences.[1] Without filing post-sentencing motions, Muller filed a direct appeal to the Superior Court. Upon the advice of newly appointed counsel, this appeal was withdrawn in favor of a motion filed in the trial court to withdraw the guilty pleas. This motion was filed four months after sentencing. It was premised upon the fact that appellant's forgeries were in fact felonies of the third degree, not felonies of the second degree. After hearing, the trial court denied the motion to withdraw the pleas of guilty. It attempted to remedy the resulting injustice, however, by reducing the sentences of imprisonment to concurrent terms of not less than three and one-half nor more than seven years. The sentences of probation were not altered. Muller appealed from the order denying his motion to withdraw the pleas of guilty.

The majority has correctly observed that the invalidity of Muller's guilty pleas was not waived by his failure to file a timely motion to withdraw the pleas. In the first place, Muller's guilty plea counsel was clearly ineffective. Not only did counsel fail to advise his client correctly about the offenses with which he had been charged, but he also allowed him to be sentenced for offenses which he had not committed. Muller was never advised prior to the appointment of present counsel that he had erroneously been sentenced for offenses which he did not commit and with which the Commonwealth had not charged him. Under these circumstances, it cannot be said that he knowingly waived the invalidity of his plea by failing to file a timely withdrawal motion. See: *Commonwealth v. Pulling,* 323 Pa.Super. 142, 145, 470 A.2d 170, 172 (1983); *Commonwealth v. Cofield,* 310 Pa.Super. 356, 362, 456 A.2d 650, 653 (1983); *Commonwealth v. McCall,* 267 Pa.Super. 351, 353, 406 A.2d 1077, 1078 (1979). Moreover, the sentencing court failed to advise Muller at the time of sentencing, as required by Pa.R.Crim.P. 1405(c)(3), that a motion challenging the validity of his guilty pleas could be filed within ten days thereafter.

1. The theft convictions merged in the forgery convictions for sentencing purposes.

In order to withdraw a plea of guilty after sentence has been imposed, a defendant must show prejudice in the nature of manifest injustice. *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). The law is clear, however, that manifest injustice occurs when a plea of guilty is entered involuntarily or without knowledge of the offense charged. *Commonwealth v. Shaffer*, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982); *Commonwealth v. Campbell*, 309 Pa.Super. 214, 219, 455 A.2d 126, 128 (1983). A guilty plea, to be knowingly and intelligently entered, must be preceded by a colloquy which demonstrates that the accused is fully cognizant of the nature and elements of the offense charged. *Commonwealth v. Ingram*, 455 Pa. 198, 203–204, 316 A.2d 77, 80 (1974). See: *Commonwealth v. Reed*, 488 Pa. 221, 227, 412 A.2d 477, 480 (1980); *Commonwealth v. Hare*, 486 Pa. 123, 129, 404 A.2d 388, 391 (1979); *Commonwealth v. Tabb*, 477 Pa. 115, 119–120, 383 A.2d 849, 851 (1978); *Commonwealth v. Belleman*, 300 Pa.Super. 209, 213, 446 A.2d 304, 306 (1982). The accused must also be informed accurately of the permissible range of the sentence which may be imposed for an offense charged. See: *Commonwealth v. Kulp*, 476 Pa. 358, 361, 382 A.2d 1209, 1211 (1978); *Commonwealth v. Fay*, 294 Pa.Super. 332, 336–337, 439 A.2d 1227, 1229 (1982). Adherence to the guidelines set out in the Comments to Pa.R.Crim.P. 319 is a minimum requirement. Failure to satisfy those requirements will, in most cases, require that a defendant be permitted to withdraw a plea of guilty. *Commonwealth v. Dilbeck*, 466 Pa. 543, 547, 353 A.2d 824, 827 (1976). Accord: *Commonwealth v. Willis*, 471 Pa. 50, 52, 369 A.2d 1189, 1190 (1977). Compare: *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984). During the colloquy in this case, appellant's offense was incorrectly defined as a felony of the second degree and the permissible range of the sentence was erroneously stated.

The existence of manifest injustice in the instant case is clear. It is undisputed that Muller entered pleas of guilty after being told that his offenses were felonies of the

second degree. His offenses, however, were felonies of the third degree. The difference between forgery which is a felony of the second degree and forgery which is a felony of the third degree is not merely one of degree. The two offenses are separate and distinct. They are defined at 18 Pa.C.S. § 4101(c) as follows:

> **(c) Grading.**—Forgery is a felony of the second degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interests in or claims against any property or enterprise. Forgery is a felony of the third degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations....

Thus, it is incorrect to say, as the majority does, that the substantive elements of the two grades of forgery are the same. The offenses with which Muller was charged were forgeries of commercial instruments. These offenses were felonies of the third degree. He entered pleas of guilty, however, to felonies of the second degree, which are forgeries of "money, securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interests in or claims against any property or enterprise." This offense he did not commit. Such a scenario, it seems to me, demonstrates unequivocally the existence of prejudice in the nature of manifest injustice which may be corrected by a post-sentencing withdrawal of guilty pleas.

Despite the fact that Muller unknowingly entered pleas of guilty to offenses which he did not commit and with which he was not charged, the majority refuses to allow him to withdraw the pleas of guilty. His invalid pleas, the majority says, must stand. The prejudice can be corrected by reducing the illegal sentences of imprisonment imposed on two counts of forgery so that they will conform to the

242

statutory maximum for felonies of the third degree. As a result, Muller's defective guilty pleas remain. They appear as admissions of guilt to felonies of the second degree, which he did not commit. In the remaining cases, the sentences imposed by the court for felonies of the second degree have not been altered because when imposed they did not exceed the statutory maximum for felonies of the third degree.

The majority is persuaded that this result is reasonable. I am not. Therefore, I dissent. I would permit appellant to withdraw his pleas of guilty and remand for a new trial.