J-S66007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEX HERNANDEZ-ORTIZ, | |
| Appellant | No. 688 MDA 2014 |

Appeal from the Judgment of Sentence Entered March 20, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003906-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 22, 2014**

Appellant, Alex Hernandez-Ortiz, appeals from the judgment of sentence of time-served to 23 months' incarceration, imposed after he pled guilty to disorderly conduct and simple assault.  On appeal, Appellant alleges that his plea was invalid because he did not understand the immigration consequences of entering that plea.   Additionally, Appellant's counsel, Donna M. DeVita, Esq., seeks permission to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), as elucidated by our Supreme Court in **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and amended in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant pled guilty to the above-stated offenses on March 20, 2014. He was sentenced that same day to the negotiated, aggregate term of time-served to 23 months' incarceration. Appellant did not file a post-sentence motion.[1] On April 15, 2014, Appellant filed a timely, *pro se* notice of appeal, stating:

> I want to appeal my guilty plea because I did not know it was going to affect my immigration status. My lawyer did not tell me that pleading guilty would get me in trouble with immigration. I am currently in York County Prison.

Notice of Appeal, 4/15/14. The trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Glick filed a "Statement of Intent to File **Anders/McClendon** Brief in Lieu of Statement of Errors Complained of on Appeal." On July 2, 2014, the trial court issued a Rule 1925(a) opinion.

On August 11, 2014, Attorney Glick filed a petition to withdraw as counsel and an **Anders** brief with this Court. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)). In **Santiago**, our

---

[1] Appellant was represented by George N. Marros, Esq., during the plea/sentencing hearing, and during the time period within which to file a timely post-sentence motion. Attorney Glick began representing Appellant on or about April 24, 2014. **See Anders** Brief at 5.

Supreme Court altered the requirements for counsel to withdraw under

*Anders*. Thus, pursuant to *Anders/Santiago*, in order to withdraw from

an appeal, counsel now must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citing

*Santiago*, 978 A.2d at 361). "Counsel also must provide a copy of the

*Anders* brief to his client." *Commonwealth v. Orellana*, 86 A.3d 877, 880

(Pa. Super. 2014).

> Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Orellana*, 86 A.3d at 880. Once we are satisfied that counsel has met these

technical requirements, this Court must then conduct its own review of the

record and independently determine whether the appeal is, in fact, wholly

frivolous. *See Daniels*, 999 A.2d at 594.

Instantly, Attorney Glick's **Anders** brief provides a summary of the procedural history and facts of Appellant's case with citations to the record. She also includes a discussion of Appellant's claim that he was unaware of the immigration consequences of his plea, as well as related issues regarding Appellant's understanding of the guilty plea due to his limited fluency in the English language. Ultimately, Attorney Glick concludes that an appeal on Appellant's behalf would be wholly frivolous, and explains her reasons underlying that determination. She also supports her rationale with citations to the record, as well as relevant law. Additionally, Attorney Glick attached to her petition to withdraw a copy of a letter she sent to Appellant advising him that he has the right to retain new counsel, proceed *pro se*, and/or raise any issues he deems worthy of this Court's examination. Therefore, we conclude that Attorney Glick has complied with the requirements for withdrawal. Accordingly, we will now independently review Appellant's claim, and also determine whether there are any other issues he could arguably present on appeal. **See Daniels**, 999 A.2d at 594.

In her **Anders** brief, Attorney Glick explains that Appellant wishes to challenge the validity of his guilty plea on the basis that he did not understand the immigration consequences of entering that plea.[2] In

_____

[2] To the extent Appellant's notice of appeal suggested that his plea/sentencing counsel acted ineffectively by not discussing with Appellant the immigration consequences of his plea, we cannot review such a claim on direct appeal, as the specific circumstances under which ineffectiveness
*(Footnote Continued Next Page)*

concluding this claim is frivolous, Attorney Glick first points out that in the written plea colloquy, Appellant "acknowledged that he was not a United States citizen, and he answered 'yes' to the question[,] 'Do you understand that if you are not a United States citizen, there may be immigration consequences as a result of your guilty plea?'" **Anders** Brief at 9. While citing this question and answer on Appellant's written plea colloquy, Attorney Glick nevertheless expresses her "concern that [Appellant's] command of English kept him from understanding the immigration consequences of his guilty plea…." **Id.** at 9. Attorney Glick also candidly discusses her suspicion that Appellant's limited fluency in English may have inhibited his overall understanding of the guilty plea. **Id.** at 7-9. However, Attorney Glick ultimately determines that any issues concerning the validity of Appellant's plea, and his understanding of the consequences thereof, are waived due to Appellant's failure to file a post-sentence motion seeking to withdraw his plea on these grounds. **Id.** at 10.

*(Footnote Continued)* ───────────────

claims may be addressed on direct appeal are not present in this case. **See Commonwealth v. Holmes**, 79 A.3d 562, 576-578 (Pa. 2013) (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"; absent these circumstances, the holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), applies and claims of ineffective assistance of counsel should be deferred until collateral review).

We are compelled to agree. The record confirms that Appellant did not file a post-sentence motion to withdraw his plea, or raise any issue orally at the time of his plea/sentencing proceeding. Thus, he has not preserved any challenge to the validity of his plea for our review.[3] ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for

_____

[3] We acknowledge that this Court has declined to find waiver on this basis where the trial court failed to inform the defendant of his post-sentence rights as required by the Pennsylvania Rules of Criminal Procedure. ***See*** ***Commonwealth v. Muller***, 482 A.2d 1307, 1309 (Pa. Super. 1984). Here, during the plea/sentencing proceeding, Appellant was *not* expressly informed of his right to file a post-sentence motion, or the time limits within which to do so, as required by Pa.R.Crim.P. 704(C)(3). However, in the Comment to Rule 704, it states that

> [t]he rule permits the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the sentencing proceeding. This written colloquy must be supplemented by an on-the-record oral examination to determine that the defendant has been advised of the applicable rights enumerated in paragraph (C)(3) and that the defendant signed the form.

Comment to Rule 704. Here, Appellant completed and signed a written "Guilty Plea Colloquy and Post-Sentence Rights" form that contained 21 questions explaining, in detail, Appellant's post-sentence motion and appeal rights. ***See*** Guilty Plea Colloquy, 1/17/14, at 5-7. At the plea/sentencing hearing, the court stated, "The plea colloquy I'm showing you explains the rights that you have when you plead guilty and also the rights you have after you plead guilty and have been sentenced." N.T., 3/20/14, at 4. The court then asked if Appellant reviewed that form with his attorney and signed it, to which Appellant answered, "yes." ***Id.*** We conclude that this satisfied the dictates of Rule 704. This is especially true where Appellant filed a timely *pro se* notice of appeal, thus evincing his understanding of his post-sentence rights.

the first time on appeal."); **Commonwealth Lincoln**, 72 A.3d 606, 610 (Pa. Super. 2013) (indicating challenges to the validity of a guilty plea "must be raised by motion in the trial court in order to be reviewed on direct appeal") (quoting **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008)).

Moreover, as Attorney Glick also points out, the record of Appellant's plea/sentencing hearing, on its face, does not indicate that Appellant's plea was involuntary, unintelligent, or unknowing. Appellant appropriately answered each question posed to him, and nothing in his responses indicated that he did not understand the information being provided to him. He also completed the written guilty plea colloquy and did not express any confusion regarding that document during the plea/sentencing proceeding. Additionally, Attorney Glick emphasizes that Appellant received standard range sentences imposed to run concurrently; thus, there are no issues involving the legality of his sentence.

Accordingly, based on our independent review of the record, we agree with Attorney Glick that the issue Appellant seeks to assert is frivolous, and we ascertain no other non-frivolous issues that he could present on direct appeal. Thus, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2014