J-S69037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY HARRISON | |
| Appellant | No. 678 EDA 2014 |

Appeal from the Order Entered July 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0014743-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 13, 2015**

Appellant, Gregory Harrison, appeals from the July 18, 2013 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the facts and procedural history in its Pa.R.A.P. 1925(a) opinion:

> On November 7, 2009, at 3:17 a.m., Aysha Simms and her husband, off-duty police officer Joseph Smith, were awoken by a noise in their basement.  After Simms called 911, Smith took his service pistol and went around to the back of the property.  By the time Smith got to the alley behind his home, Philadelphia Police Officer Mark Brockington had already arrived with flashlight and service pistol drawn.  Officer Brockington told [Appellant] to get down and announced he was a police officer. [Appellant] tried to run away from Brockington, but he tackled [Appellant] and put him in handcuffs after a brief struggle. [Appellant] made no statements to police, but five feet from where he was tackled, Brockington found a bag containing numerous instruments of crime commonly used during

burglaries. Among the items were a pry bar, a flashlight, a pair of canvas work gloves, a pipe cutter, a wire cutter, a wrench, two needle nose pliers, a crowbar, two screwdrivers, and two large dark contractor trash bags.

[Appellant] was arrested at the crime scene on November 7, 2009. He was charged with Burglary (18 Pa.C.S.A. § 3502), [Possession of an Instrument of Crime "PIC"] (18 Pa.C.S.A. § 5104), Criminal Mischief (18 Pa.C.S.A. § 3304), and Criminal Trespass (18 Pa.C.S.A. § 3503).

After a preliminary hearing and denial of a suppression motion, the case was scheduled for trial in the Common Pleas Court before the Honorable James M. Lynn on June 13, 2011. Immediately before trial, [Appellant] entered a negotiated guilty plea to the charges of Burglary and PIC. [Appellant] was represented by attorney Sierra Thomas, Esq., now a judge of the Court of Common Pleas.

Judge Lynn conducted a guilty plea colloquy which demonstrates [Appellant's] plea was knowing, intelligent, and voluntary. The record affirms that Ms. Thomas had reviewed and explained the contents of a written guilty plea form to him. The negotiation was for a six to twelve year prison term concurrent with the time [Appellant] was then serving on another case for the Honorable Karen Shreeves-Jones. [Appellant] proceeded to immediate sentencing and was credited for time served.

[Appellant] did not file a direct appeal or post-sentence motions. On March 21, 2012, [Appellant] filed a timely *pro se* PCRA petition. A counseled amended PCRA was filed by Stephen O'Hanlon, Esq. on September 5, 2012. This court notified [Appellant] of his intent to dismiss the petition without a hearing on April 30, 2013. [Appellant] objected, but this court nonetheless dismissed the petition on July 18, 2013.

PCRA Court Opinion, 6/3/14, at 1-3.

Appellant filed a timely notice of appeal. He raises a single question for our review:

      Did the PCRA court err by not allowing Appellant to withdraw his guilty plea *nunc pro tunc* because Appellant was not advised of the time period for withdrawing his guilty plea?

Appellant's Brief at 3.

Appellant asserts the PCRA court did not adequately inform him of his right to file a post-sentence motion. Appellant further argues plea counsel was ineffective for failing to ensure that Appellant understood he had the right to file a post-sentence motion within 10 days of his sentence. As a result, Appellant argues he is entitled to file a *nunc pro tunc* post-sentence motion to withdraw his guilty plea.

On review of an order denying a PCRA petition, we determine whether the record supports the PCRA court's findings and whether the court's decision is free of legal error. ***Commonwealth v. Fletcher***, 986 A.2d 759, 774 (Pa. 2009). We first consider Rule 704 of the Pennsylvania Rules of Criminal Procedure, which requires a sentencing court to "determine on the record that the defendant has been advised" of his right to file a post-sentence motion. Pa.R.Crim.P. 704(C)(3). The defendant must also be advised of the ten-day deadline for doing so. Pa.R.Crim.P. 704(C)(3)(a).

The record of the sentencing hearing reflects the following:

      THE COURT: All right. Will you give the defendant his appeal rights?

      [DEFENSE COUNSEL]: Yes, Your Honor. Mr. Harrison, you've been found guilty by way of negotiated guilty plea by the Honorable Judge James Murray Lynn. You've been sentenced to 6 to 12 years of incarceration. Do you understand that?

THE DEFENDANT:  Yes.

[DEFENSE COUNSEL]:  **You have 10 days to have your sentence reconsidered.  That must be in writing.  If you wish to do so, let me know and our office will do that.**  You have 30 days to appeal this matter.  If you wish to do so, you must let us know and it must be in writing, with the understanding that your appellate rights are now limited because you are pleading guilty.  Do you understand that, sir?

THE DEFENDANT:  Yes.

N.T. Guilty Plea and Sentencing, 6/13/11, at 14-15 (emphasis added).

The record thus confirms that the sentencing court discharged its obligation under Rule 704(C)(3).  The court directed counsel to inform Appellant of his rights, and counsel explained to Appellant that he had ten days within which to seek reconsideration of his sentence.

Appellant argues, however, that counsel's recitation of his rights was deficient, in that Appellant was unaware that he had to file a motion to withdraw his guilty plea within ten days of sentencing.  The import is that counsel was ineffective at sentencing because she referred only to "reconsideration" of Appellant's sentence.[1]  Appellant cites Rule 720(B),

---

[1]  In other words, Appellant asserts plea counsel's ineffectiveness, in accord with 42 Pa.C.S.A. § 9543(a)(2)(ii).  To obtain relief on that claim, Appellant must plead and prove:

(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.  Where the petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

*(Footnote Continued Next Page)*

which provides that defendants have the option to file a post-sentence motion challenging the validity of a guilty plea or the denial of a motion to withdraw a guilty plea. Pa.R.Crim.P. 720(B)(1)(a)(i). Appellant's citation of Rule 720 is unavailing because that Rule does not require that a defendant be made aware – on the record – of all possible substantive bases for a post-sentence motion.

Hoping to avoid this result, Appellant cites *Commonwealth v. Vigue*, 420 A.2d 736 (Pa. Super. 1980). In *Vigue*, the juvenile defendant filed a direct appeal in which he argued the trial court erred in advising him of his right to file a motion to withdraw his guilty plea. *Id.* at 737. After

*(Footnote Continued)* ─────────

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 706-707 (Pa. Super. 2013) (internal citations and quotation marks omitted).

sentencing, the trial court simply informed the defendant of his right to file an appeal within thirty days, but did not mention the defendant's right to file a post-sentence motion. *Id.* This Court concluded the trial court erred in failing to advise the appellant of his right to file a post-sentence motion and remanded to afford him the opportunity to do so. *Id.* at 737-38. *Vigue* is inapposite here because Appellant was informed of his right to file a post-sentence motion. Further, the *Vigue* Court relied on Pa.R.Crim.P. 1450(c), since repealed, which stated: "At the time of sentencing, the judge shall […] [a]dvise the defendant on the record […] of the right to file motions challenging the propriety of the sentence (and, in the case of a guilty plea, the validity of the plea)[.]" *Id.* at 737.

As explained above, current Rule 720(B)(1)(a)(i) permits a defendant to challenge the validity of the guilty plea in a post-sentence motion, but Rule 720 does not expressly require the trial court to inform the defendant of that right. Rather, Rule 704 simply requires the trial court to determine on the record that the defendant is aware of the right to file *any* post-sentence motion within ten days of sentencing. Pa.R.Crim.P. 704(C)(3)(a). *Vigue* does not govern this appeal, as its analysis was driven by statutory language that has since been repealed. Further, *Vigue* is inapposite because it predates the PCRA and the *Vigue* Court did not apply the three-prong ineffective assistance of counsel analysis.

To the extent Appellant's assertion of counsel's ineffectiveness rests on counsel's on-the-record explanation of his post-sentence rights, it fails for lack of arguable merit.

Appellant also argues, however, that counsel was ineffective for failing to consult with him regarding a post-sentence motion to withdraw his plea. Appellant's Brief at 10.[2] This argument fails because Appellant cannot establish that the absence of a post-sentence motion to withdraw his guilty plea prejudiced him.

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not per se establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009), *appeal denied*, 992 A.2d 885 (Pa. 2010).

The PCRA court found Appellant's guilty plea was knowing, intelligent, and voluntary, and Appellant offers no argument to the contrary. Specifically, Appellant does not argue that the plea colloquy failed to comply

---

[2] Arguably, Appellant has waived this issue for failure to include it in his statement of questions presented. Pa.R.A.P. 2116(a). We decline to find waiver here, as the parties' briefs and the record are sufficient to facilitate review.

with any aspect of Pa.R.Crim.P. 590, which governs pleas and plea agreements. Appellant admitted to the Commonwealth's recitation of facts, summarized in the PCRA court's opinion quoted above. Appellant does not assert his innocence, nor does he assert that he was unlawfully induced to accept the plea agreement. Since Appellant fails to argue that counsel's alleged ineffectiveness led him to plead guilty, he cannot establish prejudice.

For all of the foregoing reasons, we conclude Appellant's argument lacks merit. We therefore affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015