456 A.2d 145

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James J. CAVANAUGH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 24, 1983.

Decided Feb. 3, 1983.

314

Lester Krasno, Pottsville, for appellant.

Richard Russell, Dist. Atty., Adam D. Bavolack Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

Appellant, James J. Cavanaugh, was charged with criminal homicide in the Court of Common Pleas of Schuylkill County. The charge arose out of the shooting death of Joseph McNamara, which occurred on July 21, 1979. Appellant pleaded guilty. The court held a hearing to determine the degree of guilt, found appellant guilty of murder of the third degree, and sentenced him to ten to twenty years in prison. Appellant appeals the judgment of sentence. He

claims that the guilty plea is invalid, in that the court did not conduct an adequate colloquy to establish that it was knowingly and voluntarily entered.

Before we may reach the merits of appellant's claim of an invalid guilty plea, we must dispose of the Commonwealth's contentions that the appeal was not filed in a timely fashion and the guilty plea claim was waived. We find no merit to the Commonwealth's claim of untimeliness. In order for an appeal to be timely, it is necessary that "notice of appeal ... be filed within thirty days after the entry of the order from which the appeal is taken", Rule of Appellate Procedure 903(a). A defendant may appeal only from a final judgment of sentence. *Commonwealth v. Myers*, 457 Pa. 317, 322 A.2d 131 (1974). When the defendant appeals from a judgment of sentence, the time for appeal runs from the date that the court imposes sentence, informs the defendant of his or her right to appeal within thirty days, and enters the judgment on the docket. *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 419 A.2d 115 (1980). In the instant case, the court did so on March 3, 1980. The notice of appeal was filed on April 1, 1980. That was within the thirty day period, so the appeal was timely filed.

On the issue of waiver, the question is whether appellant took proper action in the Court of Common Pleas to preserve his claim. A defendant who has pleaded guilty and wishes to challenge the validity of the plea must do so by written motion, which must be filed with the trial court within ten days after the imposition of sentence, Rule of Criminal Procedure 321(a). If that is not done, the motion is considered waived on appeal, *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978), provided that the court has informed the defendant of his or her right to file post-verdict motions or a motion to withdraw the plea. *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735 (1979). In the instant case, the record shows that appellant was properly advised of his rights and did not file a motion in the trial

court to withdraw his plea. Therefore, we find that the claim has been waived.

The judgment of sentence is affirmed.

NIX, J., filed a concurring opinion.

NIX, Justice, concurring.

The basis for my objection to the result reached by the majority of the Court in *Commonwealth v. Dowling*, 482 Pa. 608, 611, 394 A.2d 488, 490 (1978) (Nix, J. dissenting joined by Eagen, C.J.) is not here present since the imposition of sentence was after our promulgation of Pa.Rule of Criminal Procedure 321(a).* The failure of appellant to follow the clearly defined procedure set forth in the rule justifies the finding of waiver in this case. For this reason I join the opinion.

* Rule 321(a) was adopted June 29, 1977, effective September 1, 1977; amended May 22, 1978, effective as to cases in which sentence was imposed on or after July 1, 1978.