

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2005

# Whitehead v. Schmid

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Whitehead v. Schmid" (2005). *2005 Decisions.* Paper 559.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/559

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-305                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2316
_____

CLINTON O'DELL WHITEHEAD,

Appellant

v.

EDWARD SCHMID, ET AL.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-02357)
District Judge: Honorable Herbert J. Hutton
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2) or Possible Summary
Action under Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2005

BEFORE: ROTH, BARRY and SMITH, CIRCUIT JUDGES

(Filed September 12, 2005)

_____

OPINION
_____

PER CURIAM

Clinton Whitehead filed this civil rights action pro se, pursuant to 42 U.S.C. §

1983, alleging that Appellee violated his constitutional rights.[1]  Whitehead, who was incarcerated at SCI-Dallas when he filed this suit, alleges that Appellee, then Clerk of the Chester County Court of Common Pleas, failed to file documents sent to him, failed to respond to Whitehead's repeated inquiries and requests for court documents related to his criminal case, and destroyed his court documents.  Whitehead alleges that, from January 15, 1999 to January 18, 2001,  Appellee's actions (and inactions) denied him access to the courts.  Whitehead's complaint also asserts ineffective assistance of counsel and several state law claims.

After over a year of discovery, during which Whitehead filed several successful motions to compel, Appellee moved for summary judgment.  Whitehead filed a response opposing summary judgment, supported by an affidavit.  The District Court granted summary judgment to Appellee.  Whitehead appeals from this order, again proceeding pro se.

The District Court had original jurisdiction over Whitehead's federal civil rights claim under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over his related state law claims under 28 U.S.C. § 1367.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We review the district court's grant of summary judgment *de novo*, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the

---

[1] As the parties are familiar with the facts, we recite them here only as necessary to our discussion.

party opposing the motion. <u>Pennsylvania Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is appropriately granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party opposing a summary judgment motion cannot rest upon the "mere allegations or denials of the adverse party's pleading" but must respond with affidavits or depositions setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). We can affirm the District Court's grant of summary judgment on any basis supported in the record. <u>See</u> <u>Fairview Township v. EPA</u>, 773, F.2d 517, 524 n.15 (3d Cir. 1985).

The District Court granted summary judgment to Appellee on the ground that Whitehead's suit was barred by the two-year statute of limitations for civil rights actions. We affirm on the alternate basis argued in Appellee's motion for summary judgment. Upon review of the record, we conclude that Whitehead failed to support his allegations regarding Appellee's actions or to point to any evidence that would demonstrate the existence of any injury.

To show a denial of access to the courts, Whitehead would be required to demonstrate that Appellee's alleged actions (or failure to act) "hindered his efforts to pursue a legal claim." <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 347 (1996). The legal claim must relate to a direct or collateral challenge to Whitehead's sentence or conditions of confinement. <u>See</u> <u>id.</u> Whitehead alleges that Appellee's actions prevented him from

3

filing a direct appeal in his criminal case and frustrated his attempts to file two petitions for post-conviction relief ("PCRA petitions"). Appellee argued that Whitehead was not denied access to the courts as he had exhausted his direct appeal rights and therefore could not demonstrate any injury. We agree. Whitehead was sentenced on June 11, 1998, making July 11, 1998 the deadline for filing a direct appeal. See Pa. R. App. P. 903(a); Com. v. Cavanaugh, 456 A.2d 145, 146 (Pa. 1983). Whitehead, therefore, cannot attribute any impediment to his direct appeal process to Appellee's alleged actions occurring approximately six months later. As to the contention that Appellee impeded his post-conviction proceedings, Whitehead offered no evidence that would demonstrate that Appellee received either PCRA petition or failed to send Whitehead any documents essential to his filing a PCRA petition.[2]

As to Whitehead's remaining claims, Appellee was entitled to summary judgment as to the state law claims, and we find no error in the District Court's implicit dismissal of the ineffectiveness claim. As argued in Appellee's motion for summary judgment, Whitehead failed to support his state law claims with relevant factual allegations or evidence. The basis for Whitehead's ineffective assistance of counsel claim is unclear, as his pleadings do not identify an attorney in connection with this claim. Even if

---

[2]Whitehead has supplied this Court with several exhibits which he claims support his allegations. Our review of the record reveals that none of these documents were presented to the District Court; therefore, we do not consider them on appeal. See Fed. R. App. P. 10(a); Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150, 1165 (3d Cir. 1986) (internal citation omitted).

4

Whitehead had identified an attorney, this claim would fail under § 1983 because attorneys performing traditional defense counsel functions are not "state actors." See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982) rev'd on other grounds, 972 F.2d 1364 (3d Cir. 1992) (en banc).

For the foregoing reasons, we conclude that Appellee was entitled to judgment as a matter of law on the record before the District Court and will affirm the District Court's order. See Fed. R. Civ. P. 56(c); I.O.P. 10.6.