J. S06036/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANGELA COCIVERA, | : | |
| | : | |
| Appellant | : | No. 1113 EDA 2014 |

Appeal from the Judgment of Sentence April 1, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division No(s).: CP-46-CR-0008104-2013

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED FEBRUARY 13, 2015**

Appellant, Angela Cocivera, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following a negotiated guilty plea to criminal trespass[1] and theft by unlawful taking.[2] Appellant's counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), with this Court. We grant counsel's petition and affirm the judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503.

[2] 18 Pa.C.S. § 3921.

The facts are unnecessary to our disposition. On April 1, 2014, Appellant entered a negotiated guilty plea in exchange for an aggregate sentence of five years' county probation and $1,600 in restitution. At the plea hearing, Appellant stated she understood a previously completed written guilty colloquy, was satisfied with the plea agreement, and her counsel had explained her rights. N.T. Guilty Plea Hr'g, 4/1/14, at 8-13. During the trial court's colloquy, she admitted she understood, *inter alia*, the nature of the charges against her, she was giving up her right to a jury trial, and the maximum potential sentences. ***Id.***

The court imposed the agreed upon sentence. Appellant did not file a post-sentence motion. While represented by counsel, Appellant filed a timely *pro se* notice of appeal. On April 11, 2014, the court ordered Appellant to comply with Pa.R.A.P. 1925(b), and served Appellant but not her counsel. Counsel, upon learning Appellant filed a *pro se* notice of appeal, filed a motion on June 2, 2014, for leave to withdraw and for a ***Grazier***[3] hearing. Counsel subsequently withdrew the motion and filed a Rule 1925(b) statement.[4]

---

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[4] Because there was a breakdown in court operations, we decline to find waiver for an untimely Rule 1925(b) statement. ***See In re L.M.***, 923 A.2d 505, 510 (Pa. Super. 2007) (refusing to hold appellant's issues waived due to failure to comply with Pa.R.C.P. 236). We add that Appellant, on June 24, 2014, filed with this Court a counseled motion for remand to file a Rule 1925(b) statement. This Court granted Appellant's motion on August 12,

On November 4, 2014, Appellant's counsel filed a petition to withdraw with this Court. "[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted).

> [T]he three requirements that counsel must meet before he or she is permitted to withdraw from representation [are] as follows:
>
> > First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

*Id.* (citations omitted).

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> [I]n Pennsylvania, when counsel meets his or her obligations, "it then becomes the responsibility of the

---

2014, Appellant filed a second Rule 1925(b) statement on August 27, 2014, the trial court filed a responsive opinion, and the case returned to this Court.

reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."

*Id.* at 355 n.5 (citation omitted).

Instantly, in counsel's **Anders** brief, he stated that he made a conscientious examination of the record. He summarized the factual and procedural history with citations to the record. He referred to every issue and everything in the record that he believes arguably supports the appeal. He articulated the facts from the record, case law, and statutes that led him to conclude that the appeal is frivolous. He furnished a copy of the brief to Appellant. He also advised Appellant of her right to retain new counsel or to raise, *pro se*, any additional points that she deems worthy of the Court's consideration. We find that Appellant's counsel has complied with all the requirements set forth above. **See id.** at 361; **Garang**, 9 A.3d at 240. Therefore, we now review the underlying issues on appeal. **See Santiago**, 978 A.2d at 355 n.5.

The **Anders** brief raises the following issues:

Did the trial court have jurisdiction to preside over Appellant's criminal prosecution?

Did Appellant knowingly, intelligently, and voluntarily enter a negotiated plea of guilty to the . . . offense?

Is the sentence imposed by the trial court pursuant to the terms of Appellant's negotiated plea agreement illegal?

***Anders*** Brief at 5.[5]

We summarize the issues identified by Appellant's counsel. She contends the trial court lacked subject matter jurisdiction over Appellant's criminal acts. Appellant states that her sentences were illegal because the trial court deviated from the negotiated plea agreement. Specifically, she claims the court, in contravention of the plea agreement, illegally imposed a fine of $250 and costs of prosecution against her. Appellant states her guilty plea was not knowingly, intelligently, and voluntarily made. We hold Appellant is due no relief.

With respect to Appellant's challenge to the trial court's jurisdiction, we state the following. In ***Commonwealth v. Bethea***, 828 A.2d 1066 (Pa. 2003), our Supreme Court discussed subject matter jurisdiction:

> Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Jurisdiction is a matter of substantive law. . . . Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.
>
> * * *
>
> Although each court of common pleas within this Commonwealth possesses the same subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code, that jurisdiction should only be exercised

---

[5] Appellant has not filed a *pro se* response. The Commonwealth advised this Court that it would not file a brief.

beyond the territorial boundaries of the judicial district in which it sits in the most limited of circumstances.

***Bethea***, 828 A.2d at 1074-75 (citations omitted). Instantly, Appellant's offenses occurred in Montgomery County, and thus the Montgomery County Court of Common Pleas properly exercised jurisdiction. ***See id.***

We acknowledge that "when a defendant enters a plea of guilty, he waives his right to challenge on appeal all nonjurisdictional defects except the legality of his sentence and the validity of his plea." ***Commonwealth v. Myers***, 392 A.2d 685, 687 (Pa. 1978); ***accord Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008). Additionally, it is well-settled that generally, failure to file a motion to withdraw a guilty plea results in waiver of the issue on appeal. ***Commonwealth v. Cavanaugh***, 456 A.2d 145, 147 (Pa. 1983).

This Court set forth the applicable law regarding guilty plea colloquies:

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.
>
> In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. . . . Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (punctuation and citations omitted).

Instantly, Appellant failed to move to withdraw her guilty plea with the trial court and thus she has waived the issue on appeal. *See Cavanaugh*, 456 A.2d at 147. Regardless, we have carefully reviewed the record, including the transcript of the guilty plea hearing, and discern no error with respect to entry and acceptance of Appellant's guilty plea. *See Bedell*, 954 A.2d at 1212-13. Moreover, the sentencing order did not order Appellant to

pay a $250 fine or costs of prosecution. Order, 4/1/14. Thus, we agree with Appellant's counsel that this issue lacks merit. Finally, our independent review of the record reveals no other issue of arguable merit. **See Santiago**, 978 A.2d at 355 n.5. Accordingly, we conclude that the appeal is frivolous and grant counsel's petition for leave to withdraw.

Counsel's petition for leave to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015