J. S17007/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW PARRIS, | : | |
| | : | |
| Appellant | : | No. 506 WDA 2014 |

Appeal from the Judgment of Sentence February 25, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0007789-2012

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:             **FILED MARCH 17, 2015**

Appellant, Matthew Parris, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following a negotiated guilty plea to, *inter alia*, possession with intent to deliver[1] cocaine in an amount exceeding 100 grams, aggravated assault,[2] and possession of an instrument of crime.[3] Appellant's counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), with this Court.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 2702.

[3] 18 Pa.C.S. § 907.

We deny counsel's petition, vacate the judgment of sentence, and remand for further proceedings.

The facts are unnecessary to our disposition. On February 25, 2014, Appellant entered a negotiated guilty plea in exchange for a sentence of four to eight years' imprisonment. At the plea hearing, Appellant stated he understood a previously completed written guilty colloquy, was satisfied with the plea agreement, and his counsel had explained his rights. N.T. Guilty Plea Hr'g, 2/25/14, at 3-10. During the trial court's colloquy, he admitted he understood, *inter alia*, the nature of the charges against him, he was giving up his right to a jury trial, and the maximum potential sentences. **Id.** The court imposed the agreed-upon sentence, which the Commonwealth acknowledged was a mandatory minimum sentence under 18 Pa.C.S. § 7508(a)(3)(iii).[4] Appellant did not file a post-sentence motion.

Appellant timely appealed. The court ordered Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed a notice of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

On April 17, 2014, Appellant's counsel filed a petition to withdraw with this Court. "[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted).

---

[4] As noted below, this statute was held unconstitutional by **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014).

> [T]he three requirements that counsel must meet before he or she is permitted to withdraw from representation [are] as follows:
>
> > First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

*Id.* (citations omitted).

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

> [I]n Pennsylvania, when counsel meets his or her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."

*Id.* at 355 n.5 (citation omitted).

Instantly, in counsel's ***Anders*** brief, he stated that he made a conscientious examination of the record. He summarized the factual and procedural history with citations to the record. He referred to every issue and everything in the record that he believes arguably supports the appeal.

- 3 -

He articulated the facts from the record, case law, and statutes that led him to conclude that the appeal is frivolous. He furnished a copy of the brief to Appellant. He also advised Appellant of his right to retain new counsel or to raise, *pro se*, any additional points that he deems worthy of the Court's consideration. We find that Appellant's counsel has complied with all the requirements set forth above. **See id.** at 361; **Garang**, 9 A.3d at 240. Therefore, we now review the underlying issues on appeal. **See Santiago**, 978 A.2d at 355 n.5.

> The **Anders** brief raises the following issues:

>> Appellant has no preserved claims of error, given that he pled guilty, received the 4-to-8 year prison sentence that his attorney negotiated, and he did not reserve any appellate challenge to the denial of his pre-trial suppression motion.

>> Appellant also lacks a viable claim of error that survived a negotiated guilty plea, given that (A) his guilty plea colloquy established that the trial court had jurisdiction; (B) his guilty plea colloquy presented factual averments that were sufficient to permit a conviction of him for the [above crimes]; and (C) the sentence imposed upon him was a legal sentence.

**Anders** Brief at 8.[5]

We summarize the issues identified by Appellant's counsel. Counsel contends Appellant did not file a post-sentence motion seeking leave to withdraw his plea. He acknowledges Appellant did not challenge any pretrial

---

[5] Appellant has not filed a *pro se* response.

- 4 -

suppression rulings and the court had subject matter jurisdiction. Counsel maintains that the guilty plea was valid and the sentence imposed was legal. We hold Appellant is due limited relief.

With respect to Appellant's challenge to the trial court's jurisdiction, we state the following. In **Commonwealth v. Bethea**, 828 A.2d 1066 (Pa. 2003), our Supreme Court discussed subject matter jurisdiction:

> Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Jurisdiction is a matter of substantive law. . . . Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.
>
> * * *
>
> Although each court of common pleas within this Commonwealth possesses the same subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code, that jurisdiction should only be exercised beyond the territorial boundaries of the judicial district in which it sits in the most limited of circumstances.

**Bethea**, 828 A.2d at 1074-75 (citations omitted). Instantly, Appellant's offenses occurred in Allegheny County, and thus the Allegheny County Court of Common Pleas properly exercised jurisdiction. **See id.**

We acknowledge that "when a defendant enters a plea of guilty, he waives his right to challenge on appeal all nonjurisdictional defects except the legality of his sentence and the validity of his plea." **Commonwealth v. Myers**, 392 A.2d 685, 687 (Pa. 1978); **accord Commonwealth v.**

***Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008). Additionally, it is well-settled that generally, failure to file a motion to withdraw a guilty plea results in waiver of the issue on appeal. ***Commonwealth v. Cavanaugh***, 456 A.2d 145, 147 (Pa. 1983).

This Court set forth the applicable law regarding guilty plea colloquies:

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.
>
> In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:
>
> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. . . . Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (punctuation and citations omitted).

Instantly, Appellant failed to move to withdraw his guilty plea with the trial court or otherwise challenge the pretrial suppression rulings and thus he has waived them on appeal. *See Cavanaugh*, 456 A.2d at 147; *see also* Pa.R.A.P. 302. Regardless, we have carefully reviewed the record, including the transcript of the guilty plea hearing, and discern no error with respect to entry and acceptance of Appellant's guilty plea. *See Bedell*, 954 A.2d at 1212-13.

We respectfully disagree with counsel that Appellant's sentence is legal.

Subsection 7508(a)(2)(ii) follows:

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> \* \* \*
>
> > (iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S. § 7508(a)(3)(iii).

Recently, in a series of cases, this Court has held that mandatory minimum sentences imposed under certain subsections of 18 Pa.C.S. § 7508 were illegal. *See Commonwealth v. Cardwell*, 105 A.3d 748, 755 (Pa. Super. 2014) (concluding trial court erred by imposing mandatory minimum sentence under subsection 7508(a)(4)(i)); *Fennell*, 105 A.3d at 20 (vacating mandatory minimum sentence imposed per subsection 7508(a)(7)(i)); *Commonwealth v. Thompson*, 93 A.3d 478, 493 (Pa. Super. 2014) (holding mandatory minimum sentence under subsection

7508(a)(2)(ii) was illegal); *see also Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa. Super. 2014) (declaring mandatory minimum sentence set forth in 42 Pa.C.S. §§ 9712 and 9713 were unconstitutional); *Commonwealth v. Newman*, 99 A.3d 86, 103 (Pa. Super. 2014) (*en banc*) (holding unconstitutional mandatory minimum sentence imposed under 42 Pa.C.S. § 9712.1).

The *Thompson* Court opined as follows:

> [A]pplication of the mandatory minimum sentence in this case constituted an illegal sentence in violation of *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).
>
> According to the *Alleyne* Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.
>
> . . . *Alleyne* necessarily implicated Pennsylvania's legality of sentencing construct since it held that it is improper to sentence a person to a mandatory minimum sentence absent a jury's finding of facts that support the mandatory sentence. Application of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits.

*Thompson*, 93 A.3d at 493-94 (citations omitted). The *Thompson* Court thus vacated the defendant's sentence under subsection 7508(a)(2)(ii) as illegal and remanded for resentencing. *Id.* at 494. Instantly, given the

***Thompson*** Court opined on a subsection structurally identical to the one used to sentence Appellant, we similarly vacate his sentence and remand for resentencing. ***Cf. id.*** Our independent review of the record reveals no other issue of arguable merit. ***See Santiago***, 978 A.2d at 355 n.5. Accordingly, we conclude that the appeal has merit and deny counsel's petition for leave to withdraw.

Counsel's petition for leave to withdraw denied. Judgment of sentence vacated. Case remanded for resentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015